JOHN E. STRINGER sbn 194556 (415)934-1827) FAX-(415)934-0899
259 OAK STREET
SAN FRANCISCO, CA 94102
Attorney for Justin Merriman, T15293

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MERRIMAN, Plaintiff | CASE NO.: |
| v. | |
| GOVERNOR JERRY BROWN, WARDEN RON DAVIS, Does 1 to 50, Defendants | COMPLAINT FOR DAMAGES; EXEMPLARY DAMAGES |

## COMPLAINT

### INTRODUCTION

This is a complaint for damages and declaratory relief. Plaintiff Justin Merriman, hereinafter referred to as Plaintiff, is an inmate at San Quentin State Prison located in San Rafael, California. Plaintiff is a condemned inmate serving his sentence for a conviction out of Ventura County for rape and murder. In July of 2014 Petitioner filed a complaint for damages and for a violation of Title 42 Section 1983 of the United States Code. Subsequently Plaintiff dismissed the complaint, which was filed in the Marin Superior Court-cv 1402871, without prejudice on the basis that the action was more properly a

Federal Court case due to Title 42 Section 1983 jurisdiction. The complaint arises out of alleged sexual battery, intentional infliction of emotional distress, battery, breach of contract, and violation of Title 42 Section 1983 by correctional officers and other officials at San Quentin State Prison. Plaintiff also alleges that Defendants disposed of his personal property and converted his personal canteen funds to Defendants own personal use. These alleged torts are of an on going nature. Due to the sexual battery, Plaintiff is now housed in the mental house wing of the San Quentin Hospital suffering with Post-Traumatic Stress Disorder (PTSD).

JURISDICTION

This action arises under the Constitution of the United States, Fourteenth Amendment, Due Process and Equal Protection Clauses, the Americans with Disabilities Act, and other applicable State of California and Federal statutes, Laws and regulations including Title 42 Section 1983 of the United States Code.

PARTIES

Plaintiff is an inmate at San Quentin State Prison and Defendants are Governor Jerry Brown and Warden Ron Davis of San Quentin State Prison and Does 1 to 50 are California Correctional Officers and California officials and State employees.

INTRADISTRICT ASSIGNMENT

The Northern District, Sacramento Division of the Federal Court is the proper venue for this action as all events, complaints, filings and/or omissions

Complaint-Justin Merriman

which gave rise to the claims alleged herein occurred in San Quentin, California

ALL CAUSES OF ACTION ARE ATTACHED FROM THE STATE COMPLAINT AND HEREBY INCORPORATED BY REFERENCE

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

A. General and compensatory damages against all Defendants for causing Plaintiff's extreme emotional distress. The amount of damages to be determined by the Court and/or jury.

B. Exemplary damages, and damages for battery and breach of contract.

C. Such other orders and further relief, including an award of costs and attorney fees as the Court deems just and proper.

JURY DEMAND

Plaintiff requests a trial by jury.

Date: 4-14-15          Respectfully Submitted,

_____
John E. Stringer, Attorney for Plaintiff

PLD-PI-001(2)

| SHORT TITLE: Merriman v. Chappell | CASE NUMBER: |
|---|---|

First _____ CAUSE OF ACTION—General Negligence       Page 4 _____
  (number)

ATTACHMENT TO  ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Justin Merriman

alleges that defendant *(name):* Jeffrey Beard, Warden Kevin Chappell

☑ Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* 2009, 2010
at *(place):* California State Prison-San Quentin

*(description of reasons for liability):*

1. Plaintiff is an inmate at San Quentin State Prison serving a death sentence in San Quentin's Death Row.

2. Plaintiff is under the care, custody and control of Defendants and Defendants, and each of them owe Defendant a duty of due care.

3. On or about 2009 or 2010, Plaintiff was raped by staff and another inmate while under the direct supervision of Defendants, and each of them. The rape was reported to San Quentin staff who did a rape kit but refused to initiate an investigation despite numerous pleas from Plaintiff and Plaintiff's mother.

4. As a direct result of Defendants' negligence, Plaintiff has suffered extreme emotional and physical distress and is now under the care of physicians in the San Quentin mental hospital ward.

5. Defendants, and each of them, were the real and proximate cause of Plaintiff's mental health and physical injuries resulting in the damages claimed herein.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Page 1 of 1
Code of Civil Procedure 425.12
www.JuriSearch.com

PLD-PI-001(3)

| SHORT TITLE: Merriman v. Chappell | CASE NUMBER |
|---|---|

Second _____ **CAUSE OF ACTION—Intentional Tort**   Page  5
(number)

ATTACHMENT TO  ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Justin Merriman

alleges that defendant *(name)*: Jeffrey Beard, Warden Kevin Chappell

☑ Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: 2009, 2010
at *(place)*: California State Prison-San Quentin

*(description of reasons for liability)*:
Plaintiff's First Cause of Action is Hereby Incorporated by Reference as if fully Set Forth Herein.
                    BATTERY

   1.  On or about 2009 or 2010, Plaintiff, a death row inmate housed in the Adjustment Center of San Quentin State Prison was raped by staff and an inmate. Plaintiff alleges that Officers Smith, Robinson and Tierney either facilitated or participated in the battery and allowed another inmate to leave his cell and also participate in the battery against Plaintiff.

   2.  As a direct result of this unconsented to battery by Defendants and each of them, Plaintiff has suffered injuries to his physical body and emotional well being and is now housed in the San Quentin Prison Hospital.

   3.  Defendants, and each of them, owed a duty to Plaintiff to protect him while Plaintiff was in their care, custody and control and Defendants intentionally caused Plaintiff to suffer intense physical and mental harm by facilitating a rape against his person causing the damages complained of herein.

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
CAUSE OF ACTION–Intentional Tort
Code of Civil Procedure, § 425.12
www.JuriSearch.com

PLD-PI-001(3)

| SHORT TITLE: Merriman v. Chappell | CASE NUMBER |
|---|---|

| Third _(number)_ | CAUSE OF ACTION—Intentional Tort | Page 6 |

ATTACHMENT TO  ✔ Complaint   ☐ Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

IT-1. Plaintiff _(name)_: Justin Merriman

alleges that defendant _(name)_: Jeffrey Beard, Warden Kevin Chappell

✔ Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on _(date)_: 2009, 2010
at _(place)_: California State Prison-San Quentin

_(description of reasons for liability)_:
Plaintiff's First and Second Causes of Action are Hereby Incorporated by Reference as if fully Set Forth Herein.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. On or about 2009 or 2010, Plaintiff, a death row inmate housed in the Adjustment Center of San Quentin State Prison was raped by staff and an inmate. Plaintiff alleges that Officers Smith, Robinson and Tierney either facilitated or participated in the battery and allowed another inmate to leave his cell and also participate in the battery against Plaintiff.

2. As a direct result of this unconsented to battery by Defendants and each of them, Plaintiff has suffered injuries to his physical body and emotional well being and is now housed in the San Quentin Prison Hospital.

3. Defendants, and each of them, owed a duty to Plaintiff to protect him while Plaintiff was in their care, custody and control and Defendants intentionally caused Plaintiff to suffer intense physical and mental harm by facilitating a rape against his person causing the damages complained of herein. As a direct result of Defendants battery and negligence, Plaintiff has suffered a mental health breakdown and is now housed in the mental health wing of the San Quentin Hospital and has been prescribed psychotropic medication to alleviate the constant voices he hears relating to the rape.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION–Intentional Tort

Code of Civil Procedure, § 425.12
www.JuriSearch.com

PLD-C-001(1)

| SHORT TITLE: Merriman v. Chappell | CASE NUMBER: |
|---|---|

<u>Fourth</u>  **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):* Justin Merriman

alleges that on or about *(date):*
a ☑ written   ☐ oral   ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
Justin Merriman and San Quentin State Prison Officials and Staff
☐ A copy of the agreement is attached as Exhibit A, or
☑ The essential terms of the agreement   ☐ are stated in Attachment BC-1   ☐ are as follows *(specify):*
Funds were to be provided to Plaintiff by parties placing money in Plaintiff's inmate trust account for his personal use. Plaintiff also had personal property such as a television and stereo that Defendants had control over.

BC-2.  On or about *(dates):* 2002 to 2014
defendant breached the agreement by   ☐ the acts specified in Attachment BC-2   ☑ the following acts *(specify):*
Defendants removed funds from Plaintiff's inmate trust account and personal property from Plaintiff and converted Plaintiff's funds and property to their own use.

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4   ☑ as follows *(specify):*
Loss of funds in Plaintiff's inmate trust account and loss of personal property.

BC-5.  ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☑ according to proof.

BC-6.  ☑ Other:
According to Proof.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.JuriSearch.com

PLD-PI-001(3)

| SHORT TITLE: Merriman v. Chappell | CASE NUMBER |
|---|---|

__Fifth__ CAUSE OF ACTION—Intentional Tort   Page __8__
(number)

ATTACHMENT TO  ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Justin Merriman

alleges that defendant *(name)*: Jeffrey Beard, Warden Kevin Chappell

☑ Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: 2009, 2010
at *(place)*: CSP-San Quentin

*(description of reasons for liability)*:
Plaintiff's First, Second, Third and Fourth Causes of Action are Hereby Incorporated by Reference as if Fully Set Forth Herein.

VIOLATION OF TITLE 42 SECTION 1983 UNITED STATES CODE

1. Plaintiff's right to be free from foreseeable injury under the Fourteenth Amendment Due Process Clause was violated by Defendants, who owed a cuty of care to Plaintiff because Plaintiff was under the care, custody and control of Defendants, when Defendants facilitated or participated in the rape and battery of Plaintiff at San Quentin State Prison. This duty of due care was breached and the rape of Plaintiff by staff and one inmate was a real and proximate cause of Defendants violating Plaintiff's Fourteenth Amendment rights under color of law. Defendants engaged in conduct that was arbitrary and conscience shocking in a Constitutional sense and in violation of title 42 Section 42 of the United States Code.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION–Intentional Tort

Page 1 of 1
Code of Civil Procedure, § 425.12
www.JuriSearch.com

PLD-PI-001(6)

| SHORT TITLE: Merriman v. Chappell | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page 9

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):*

Jeffrey Beard, Warden Kevin Chappell

Plaintiff alleges defendant was guilty of

[ ] malice
[ ] fraud
[✓] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action are Hereby Incorporated by Reference as if Fully Set Forth Herein.

   1. Plaintiff alleges he was raped by Defendants while housed in the Adjustment Center at San Quentin State Prison. Prison staff and one inmate were allowed into Plaintiff's cell and Plaintiff was held down and raped and urinated on. As result of Defendants actions, Plaintiff has suffered severe emotional distress and physical injury in the form of rectal tearing. Defendants actions constitute oppression and malice as defined in Civil Code Section 3294 and should be punished. Exemplary Damages are requested according to proof.

EX-3. The amount of exemplary damages sought is
   a. [ ] not shown, pursuant to Code of Civil Procedure section 425.10.
   b. [✓] $ According to Proof

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.JuriSearch.com