UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MERRIMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY BROWN,<br><br>        Defendant. | Case No. 15-cv-01715-MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On April 15, 2015, Plaintiff Justin Merriman ("Plaintiff") filed a Complaint and an Application to Proceed In Forma Pauperis. For the reasons stated below, the Court GRANTS the application to proceed in forma pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Court ORDERS the Clerk of Court to REASSIGN this case to a District Judge, with the recommendation that the Complaint be DISMISSED WITH LEAVE TO AMEND.

## BACKGROUND

Plaintiff, a San Quentin inmate who is proceeding through counsel, alleges that "[o]n or about 2009 or 2010, Plaintiff was raped by staff and another inmate while under the direct supervision of Defendants, and each of them. The rape was reported to San Quentin staff who did a rape kit but refused to initiate an investigation despite numerous pleas from Plaintiff and Plaintiff's mother." Compl. at 4, Dkt. No. 1. Plaintiff also alleges that Defendants disposed of his personal property and converted his personal canteen funds to their own personal use. *Id.* at 2. He brings this civil rights action under 42 U.S.C. § 1983, as well as state law claims for negligence, battery, intentional infliction of emotional distress, and breach of contract. *Id.* at 5-8. Plaintiff

names Governor Jerry Brown and San Quentin Warden Ron Davis as Defendants, as well as Does 1 to 50, who are unnamed California correctional officers and other state employees. *Id.* at 2. He seeks general, compensatory, and exemplary damages. *Id.* at 3.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Here, Plaintiff submitted the required documentation, and it is evident from the application that the listed assets and income are insufficient to enable Plaintiff to pay the filing fees. Accordingly, the Court GRANTS the application to proceed in forma pauperis.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

**A.     Legal Standard**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e)(2)(B)(ii) parallels the language of Rule 12(b)(6)). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is

1   "frivolous" when it lacks an arguable basis either in law or in fact. *Id.* at 325 (definition of
2   "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual
3   allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. §
4   1915(e)(2)(B)(i), the Court has "'the unusual power to pierce the veil of the complaint's factual
5   allegations,'" meaning that the Court "is not bound, as it usually is when making a determination
6   based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."
7   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the
8   Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal
9   claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the
10  line into frivolous litigation by asserting facts that are grossly exaggerated or totally false."
11  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007).

12  The Court may also dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v.*
13  *Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court
14  must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2)
15  requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to
16  relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
17  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
18  662, 678 (2009) (quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
19  (2007). The complaint need not contain detailed factual allegations, but the plaintiff must
20  "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and
21  conclusions," and merely "a formulaic recitation of the elements of a cause of action" is
22  insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

23  In ruling on a motion to dismiss, courts may consider only "the complaint, materials
24  incorporated into the complaint by reference, and matters of which the court may take judicial
25  notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).
26  The factual allegations pled in the complaint must be taken as true and reasonable inferences
27  drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80
28  F.3d 336, 337-38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can

prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.

**B.     Application to the Case at Bar**

1.      Statute of Limitations

According to the Complaint, Plaintiff's 42 U.S.C. § 1983 allegations stem from a rape that occurred in 2009 or 2010. The Complaint was not filed until April 15, 2015.

Section 1983 does not contain a statute of limitations provision; accordingly, federal courts apply the limitations period governing analogous causes of action under state law. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980). State law governs not only the length of the limitations period, but also issues of tolling. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). For § 1983 actions, the statute of limitations is the state's general or residual statute of limitations for personal injury actions. *Id.* at 280. Under California law, the statute of limitations for personal injury claims is two years from the date the claim accrues. Cal. Civ. Proc. Code § 335.1. If an inmate is serving a non-life sentence at the time of accrual, and if the claim seeks money damages pursuant to § 1983, the limitations period is tolled for two additional years. *Id.* § 352.1(a); *see also Fink v. Shedler*, 192 F.3d 911, 914 n.6 (9th Cir. 1999).

Federal law determines when a claim accrues, and under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)). Thus, accrual occurs when a plaintiff suspects, or should suspect, that his injury was caused by wrongdoing. *Braxton-Secret v. A.*

4

1    *Robins Co.*, 769 F.2d 528, 530 (9th Cir. 1985).  Once a person has notice or information sufficient
2    to put a reasonable person on inquiry, the limitations period begins to run.  *Id.*  Federal law also
3    determines when an action "commences" for purposes of the statute of limitations.  *Sain v. City of*
4    *Bend*, 309 F.3d 1134, 1136-37 (9th Cir. 2002).  An action in federal court containing a federal
5    cause of action such as a § 1983 claim is commenced by filing a complaint with the Court.  *Id.*
6    (citing Fed. R. Civ. P. 3).

7          Here, Plaintiff's claim accrued at the time of the alleged rape in 2009 or 2010, more than
8    four years prior to the date he filed the instant Complaint.  Given these allegations, this action is
9    untimely and should be dismissed on that ground.  However, California's equitable tolling
10   doctrine, which focuses on excusable delay by a plaintiff, *Lukovsky*, 535 F.3d at 1051, may apply
11   in proper circumstances, *see Wallace v. Kato*, 549 U.S. 384, 394 (2007), to the extent not
12   inconsistent with federal law.  *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002).  Currently,
13   Plaintiff has set forth no facts suggesting his delay was excusable.  Thus, leave to amend should be
14   granted to allow Plaintiff to allege whether there is a basis to toll the statute of limitations.

15         Even assuming Plaintiff is able to amend and allege true facts overcoming the statute of
16   limitations bar, his substantive allegations contain additional deficiencies, as the undersigned has
17   analyzed below.

18       2.    <u>Exhaustion of Administrative Remedies</u>

19         One question which must be answered before Plaintiff may proceed is whether he has
20   exhausted available administrative remedies with respect to his claims.  According to the Prison
21   Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions
22   under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or
23   other correctional facility until such administrative remedies as are available are exhausted."  42
24   U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted
25   his available administrative remedies before he filed suit, even if the prisoner fully exhausts while
26   the suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's
27   exhaustion requirement applies to all inmate suits about prison life, whether they involve general
28   circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Booth*, 532 U.S. at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases, and creating an administrative record. *Porter*, 534 U.S. at 525. Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth*, 532 U.S. at 739).

The State of California provides its inmates and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *Id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a California Department of Corrections 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Barry*, 985 F. Supp. at 1237-38.

Here, the record is unclear as to whether Plaintiff exhausted his administrative remedies before filing his federal complaint. The only information he provides concerning any type of administrative remedy is that Defendants "refused to initiate an investigation despite numerous pleas from Plaintiff and Plaintiff's mother." Compl. at 4. Plaintiff also states that he filed a complaint in July of 2014 in Marin Superior Court, but subsequently dismissed it "on the basis that the action was more properly a Federal Court case due to Title 42 Section 1983 jurisdiction." *Id.* at 1-2. Without any further details regarding his administrative appeal process, there is no showing that Plaintiff has exhausted his administrative remedies as required by 42 U.S.C. §

1997e(a).

Accordingly, Plaintiff's Complaint should be dismissed with leave to amend to demonstrate that he exhausted all of his claims against each Defendant before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his Complaint to so allege. Otherwise, the case should be dismissed without prejudice to re-filing after exhausting his administrative remedies. *See McKinney*, 311 F.3d at 1199-1201.

### 3. 42 U.S.C. § 1983 Claim

Assuming Plaintiff's claims are timely and he exhausted his administrative remedies, the Court must also determine whether he has stated a plausible claim for relief. Plaintiff alleges that Defendants violated his constitutional rights when they "facilitated or participated in the rape and battery of Plaintiff at San Quentin State Prison." Compl. at 8. He alleges they "engaged in conduct that was arbitrary and conscience shocking in a Constitutional sense and in violation of title 42 Section 42 of the United States Code." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It appears that Plaintiff is alleging a claim under the Eighth Amendment for Defendants' deliberate indifference to his safety while being held at San Quentin. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Id.*

Plaintiff alleges that Defendants were deliberately indifferent to his safety stemming from the alleged rape in 2009 or 2010. Such a claim is cognizable under § 1983. *Id.* at 832. As pled, however, his claim cannot go forward, because Plaintiff fails to allege any causal connection between the actions of Defendants Warden Davis and Governor Brown, and the harms he

allegedly suffered. While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions. *See Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *Hill v. Dep't of Justice*, 2012 WL 5897491, at *2 (N.D. Cal. Nov. 21, 2012) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976)). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Id.* (quoting *Johnson*, 588 F.3d at 743-44).

A plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support Plaintiff's claim. *Johnson*, 588 F.2d at 743. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Thus, liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual

1    defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* at
2    633.
3         Plaintiff names Defendants Warden Davis and Governor Brown in the caption of his
4    Complaint, but fails to allege that they personally participated in any violations of his federal or
5    state constitutional rights. For this reason, the Court construes Plaintiff's claim to be that Davis
6    and Brown may be held liable as a supervisors of the individuals responsible for Plaintiff's
7    constitutional violations. However, there is no respondeat superior liability under § 1983; that is,
8    there is no liability under § 1983 solely because one is responsible for the actions or omissions of
9    another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor "is only liable for
10   constitutional violations of his subordinates if the supervisor participated in or directed the
11   violations, or knew of the violations and failed to act to prevent them." *Id.*
12        Further, to the extent Davis and Brown are sued in their official capacities, the Eleventh
13   Amendment bars damages actions against state officials in their official capacity. *Aholelei v.*
14   *Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits
15   for money damages in federal court against a state, its agencies, and state officials in their official
16   capacities." (citations omitted)). Therefore, to the extent that Plaintiff is attempting to impose
17   liability for damages on Davis and Brown in their official capacity, he may not do so.
18        If Plaintiff intends to allege that Davis and Brown personally participated in any violations,
19   the Eleventh Amendment does not bar suits seeking damages against state officials in their
20   personal capacity. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Suever v. Connell*, 579 F.3d 1047,
21   1060-61 (9th Cir. 2009). "Personal-capacity suits seek to impose personal liability upon a
22   government official for actions [the official] takes under color of state law. *Kentucky v. Graham*,
23   473 U.S. 159, 165 (1988). Where a plaintiff is seeking damages against a state official, this
24   "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred.
25   *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994); *Shoshone-Bannock Tribes*
26   *v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). However, the causal link between
27   the supervisor and the claimed constitutional violation must still be specifically alleged. *Fayle v.*
28   *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978),

United States District Court
Northern District of California

*cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quotation omitted); *Taylor*, 880 F.2d at 1045.

As noted above, Plaintiff alleges no facts against Defendants Davis and Brown, stating only that his "right to be free from foreseeable injury under the Fourteenth Amendment Due Process Clause was violated by Defendants, who owed a duty of care to Plaintiff because Plaintiff was under the care, custody and control of Defendants, when Defendants facilitated or participated in the rape and battery of Plaintiff at San Quentin State Prison."  *Id.* at 8.  Such "bare assertions . . . amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim, for the purposes of ruling on a motion to dismiss, [and thus also for screening] are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation and some internal marks omitted).  "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion-even if that conclusion is cast in the form of a factual allegation."  *Id.* (quoting *Iqbal*, 556 U.S. at 681).

Thus, as Plaintiff's Complaint currently reads, Plaintiff has failed to allege any causal connection between Defendants Davis and Brown's actions and the harms he allegedly suffered, and dismissal of Plaintiff's § 1983 claim is therefore appropriate.

4. <u>State Law Claims</u>

As noted above, Plaintiff also alleges state law claims for negligence, battery, intentional infliction of emotional distress, and breach of contract.  If a plaintiff's state law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," the Court may exercise supplemental jurisdiction over those claims.  28 U.S.C. § 1367(a).  Under § 1367(c)(3), however,

a district court has the discretion to decline to exercise supplemental jurisdiction over state law claims where "the district court has dismissed all claims over which it has original jurisdiction." In exercising that discretion, courts consider whether the exercise of supplemental jurisdiction is the interests of economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims" (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966))). Here, because it is not yet clear whether Plaintiff can bring his claim under § 1983, and the case is in the initial stages of litigation with no Defendants having been served, it would appear that the balance of factors point toward declining jurisdiction over Plaintiff's state law claims. Thus, if Plaintiff is unable to establish a federal claim, the state law claims should be dismissed without prejudice.

## CONCLUSION

Based on the analysis above, the Court GRANTS the application to proceed in forma pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Court ORDERS the Clerk of Court to REASSIGN this case to a district judge, with the recommendation that the Complaint be DISMISSED WITH LEAVE TO AMEND.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: May 5, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge