United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUSTIN MERRIMAN,

    Plaintiff,

v.

GOVERNOR JERRY BROWN,
WARDEN RON DAVIS, OFFICER
SMITH, OFFICER TIERNEY, DOES
1 to 50,

    Defendants.

No. C 15-01715 WHA

**ORDER DISMISSING
*IN FORMA PAUPERIS*
PLAINTIFF'S FIRST
AMENDED COMPLAINT**

## INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison, has filed a complaint under Section 1983. Plaintiff is represented by counsel although he is proceeding *in forma pauperis*. A prior order dismissed plaintiff's complaint with leave to amend. Plaintiff has filed an amended complaint. For the reasons stated below, plaintiff's amended complaint is **DISMISSED.**

## STATEMENT

Plaintiff Justin Merriman is serving a death sentence in San Quentin State Prison following a conviction for rape and murder. Merriman alleges that he was raped while in prison (Amd. Compl. ¶ 1). Although the operative complaint does not specify the date of the alleged rape, Merriman's first complaint alleged the rape occurred in 2009 or 2010. Merriman also claims that prison officials removed funds from his inmate trust account and converted those funds for their own use (*id.* ¶ 4). Merriman brings a claim for violation of his civil rights under

1  Section 1983 as well as claims under state law for intentional infliction of emotional distress,
2  breach of contract, and conversion. Merriman names Governor Jerry Brown, San Quentin
3  Warden Ron Davis, and Officers Tierney and Smith (whose first names are not provided in the
4  complaint) as defendants. He seeks general, compensatory, and exemplary damages.

5  Since 2010, Merriman and his mother have filed numerous complaints and appeals
6  pursuant to the administrative processes available through the California Department of
7  Corrections and Rehabilitation. Those complaints and appeals were allegedly ignored and
8  destroyed. Merriman claims that he filed a complaint in state court in July 2014, but that he
9  dismissed the case without prejudice "on the basis that the action was more properly a Federal
10 Court case . . ." (Amd. Compl. at 1).

11 Merriman filed the instant action in federal district court in April 2015. A prior order
12 adopted the report and recommendation of Judge Maria-Elena James dismissing Merriman's
13 complaint on the grounds that the statute of limitations had run, he had failed to plead facts
14 sufficient to demonstrate that he was entitled to equitable tolling, and he had failed to state
15 claims against Governor Brown or Warden Davis (Dkt. Nos. 6, 12). Merriman's prior complaint
16 was dismissed with leave to amend. This order addresses the sufficiency of Merriman's
17 amended complaint.

## ANALYSIS

19 A complaint filed by a person proceeding *in forma pauperis* is subject to a mandatory *sua*
20 *sponte* review and dismissal if the complaint is frivolous, malicious, fails to state a claim, or
21 seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).
22 This review is to occur before directing the complaint to be served by the United States Marshal
23 pursuant to FRCP 4(c)(2).

24  **1.    STATUTE OF LIMITATIONS.**

25 The statute of limitations for claims under Section 1983 is based on the limitations period
26 governing analogous claims under state law. *Board of Regents v. Tomanio*, 446 U.S. 478,
27 483–84 (1980). Under California law, the statute of limitations for personal injury claims, such
28 as those that form the basis of Merriman's Section 1983 claims, is two years from the date the

2

claim accrues. Cal. Code Civ. Proc. § 335.1. California law provides for a two-year tolling period for Section 1983 claims that accrue while an inmate is serving a sentence "for a term less than for life." Cal. Code Civ. Proc. § 352.1. The California Court of Appeal has held, and our court of appeals has acknowledged, that tolling is available to inmates serving life sentences with the possibility of parole, notwithstanding the plain language of Section 352.1. *Martinez v. Gomez*, 137 F.3d 1124 (9th Cir. 1998) (citing *Grasso v. McDonough Power Equipment, Inc.*, 264 Cal. App. 2d 597, 599–601 (1968)). Nevertheless, Merriman is serving a death sentence, and this order finds that neither Section 352.1 nor the authority interpreting it can be read to extend the tolling provision to prisoners serving death sentences. Thus, Merriman had two years to bring his Section 1983 claim from the date on which that claim accrued, namely the date of the alleged rape and battery.

In his initial complaint, Merriman alleged that he was raped in 2009 or 2010, although he did not file the instant complaint until 2015. That complaint was dismissed in part because Merriman's claims were untimely, though Merriman was given leave to amend his complaint in order to plead the facts necessary to establish that he was entitled to equitable tolling under California law. Equitable tolling provides for a tolling of the running of the limitations period due to excusable delay such as the pendency of administrative proceedings. *Elkins v. Derby*, 12 Cal. 3d 410, 412 (1974).

Merriman's amended complaint omits any discussion of the circumstances of the alleged rape, such as the approximate dates of those events. Those allegations had been included in forms attached to his initial complaint, but no such forms are attached to his amended complaint. Accordingly, it is impossible to assess whether this case was timely commenced from the face of the amended complaint, and the complaint must be dismissed on that basis, although Merriman shall have a second opportunity to amend his complaint to include the facts alleged in the prior complaint.

Even if the allegations from Merriman's initial complaint were included in his amended complaint, however, he has still failed to allege facts sufficient to establish that he is entitled to equitable tolling. Merriman has alleged that he and his mother have pursued administrative

3

remedies between 2010 and 2013, but he has provided no details about the duration of any administrative proceedings that could justify the three to four year delay in bringing this case. Accordingly, Merriman's complaint is **DISMISSED WITH LEAVE TO AMEND**.

### 2. FAILURE TO STATE CLAIMS UNDER SECTION 1983.

It appears that Merriman is alleging a claim under the Eighth Amendment for defendants' failure to take reasonable measures to ensure the safety of inmates. As discussed above, Merriman's first complaint included attachments with some factual allegations pertaining to Officers Smith and Tierney, among others, but those attachments are not included in the amended complaint. Absent those attachments, Merriman's complaint is no more than a string of conclusory allegations that defendants "facilitated or participated in the rape and battery" of Merriman, without any description of the circumstances of the alleged rape or of defendants' alleged participation in those events. Such bare assertions are insufficient to state a claim against any of the defendants, although it is possible that deficiency would be cured if the forms attached to the initial complaint were included or if the allegations therein were otherwise incorporated into the complaint.

Moreover, the order dismissing Merriman's first complaint found that he had failed "to allege that [defendants Governor Brown or Warden Davis] personally participated in any violations of his federal or state constitutional rights," and that neither defendant could be held liable under a theory of *respondeat superior* under Section 1983. To the extent Governor Brown or Warden Davis are sued for damages in their official capacities, the Eleventh Amendment bars any such action. *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

Merriman's attempt to remedy that deficiency in his amended complaint is insufficient. Specifically, Merriman asserts that Governor Brown was "responsible for the State employees in the California Department of Corrections System and [set] policy for the prison system" (Amd. Compl. ¶ 1). To the extent that can be construed as alleging that Governor Brown personally participated in the complained of conduct, that is a claim for damages against Governor Brown in his official capacity, which is barred by the Eleventh Amendment. Merriman makes no particular allegations as to Warden Davis.

4

Accordingly, while leave to amend is **GRANTED** as to Merriman's claims against Officers Smith and Tierney and any Doe defendants, leave to amend is **DENIED** as to Merriman's Section 1983 claims against Governor Brown and Warden Davis, as Merriman has failed to cure the deficiencies addressed in the order dismissing his first complaint.

**3. STATE LAW CLAIMS.**

The Court declines to exercise supplemental jurisdiction as to Merriman's remaining state law claims. Accordingly, those claims are **DISMISSED WITHOUT PREJUDICE**.

**CONCLUSION**

For the reasons stated above, Merriman's first amended complaint is **DISMISSED**. If Merriman wishes to file a second amended complaint, he must do so within **21 DAYS** from the date of this order.

**IT IS SO ORDERED.**

Dated: August 31, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5