IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MERRIMAN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER SMITH, OFFICER TIERNEY,<br>OFFICER ROBINSON, DOES 1 to 50,<br><br>Defendants. / | No. C 15-01715 WHA<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

This is a civil rights case filed by an inmate at San Quentin State Prison. Plaintiff was granted leave to proceed *in forma pauperis*, although he is represented by counsel.

**STATEMENT**

Plaintiff Justin Merriman alleges that Officers Smith, Tierney, and Robinson unlocked the cell of a death row inmate, allowing him to gain access to plaintiff's cell, where he was battered and raped. He also alleges that defendants expressed that plaintiff was a "skin-head racist who deserved extra punishment." Merriman brings claims under Section 1983 and for intentional infliction of emotional distress. Merriman alleges that he has been treated in the mental wing of San Quentin Hospital for post traumatic stress disorder following the alleged rape.

Merriman also alleges that unnamed prison officials have removed funds from his inmate trust fund, but that his attempts to resolve this issue through administrative process have

been rebuffed or destroyed by Officer Robinson. He brings a claim for breach of contract and conversion on that basis.

**ANALYSIS**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). To survive this preliminary screening, a complaint must state a cognizable claim, and any claims must not be frivolous, malicious, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(b)(1), (2).

Merriman's first two complaints were dismissed. The first failed to plead any basis for equitable tolling of the limitations period, and the second omitted all factual allegations (which had been included as attachments in the first). Merriman has filed a second amended complaint (Dkt. No. 22).

**1. SECTION 1983 CLAIM.**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Merriman claims that defendants, acting under the color of law, facilitated the rape and battery of plaintiff by unlocking the cell of a death row and maintaining that Merriman was deserving of additional punishment. This allegation is sufficient to require a response.

**2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM.**

In California the elements of a *prima facie* case for intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982). Merriman's claim for intentional infliction of emotional distress arises out of the same facts as his Section 1983 claim. He also alleges that he has been treated for

PTSD resulting from the alleged rape and battery. His allegations are sufficient to survive pre-screening.

### 3. BREACH OF CONTRACT AND CONVERSION CLAIM.

Merriman's final claim is that unnamed prison staff removed funds from his inmate trust account and converted those funds to their own personal use. The complaint itself contains only a conclusory allegation that prison officials took funds from Merriman's account. Exhibits A and D to the complaint are letters from Merriman's mother describing accounting anomalies in his trust account. These facts are sufficient to require a response from defendants.

## CONCLUSION

The Clerk shall please **ISSUE SUMMONS** and the United States Marshal shall please **SERVE**, without prepayment of fees, a copy of the complaint in this matter, and a copy of this order upon defendants Officer Smith, Officer Tierney, and Officer Robinson. Plaintiff alleges they can be found at San Quentin State Prison. A courtesy copy of the second amended complaint and this order shall also be mailed to the California Attorney General's office.

**IT IS SO ORDERED.**

Dated: October 6, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE