JOHN E. STRINGER sbn 194556 (415)934-1827) FAX-(415)934-0899
259 OAK STREET
SAN FRANCISCO, CA 94102
Attorney for Justin Merriman, T15293

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MERRIMAN, Plaintiff<br><br>v.<br><br>STATE OF CALIFORNIA, OFFICER SMITH, OFFICER TIERNEY, OFFICER ROBINSON, Does 1 to 50, Defendants | CASE NO.: C 15-0715 WHA<br><br>COMPLAINT FOR EXEMPLARY DAMAGES<br><br>THIRD AMENDED COMPLAINT-PROPOSED |

COMPLAINT-AMENDED

INTRODUCTION

This is a complaint for damages and declaratory relief. Plaintiff Justin Merriman, hereinafter referred to as Plaintiff, is an inmate at San Quentin State Prison located in San Rafael, California. Plaintiff is a condemned inmate serving his sentence for a conviction out of Ventura County for rape and murder. In July of 2014 Petitioner filed a complaint for damages and for a violation of Title 42 Section 1983 of the United States Code. Subsequently Plaintiff dismissed the

complaint, which was filed in the Marin Superior Court-cv 1402871, without prejudice on the basis that the action was more properly a Federal Court case due to Title 42 Section 1983 jurisdiction. The complaint arises out of alleged sexual battery, intentional infliction of emotional distress, battery, breach of contract, and violation of Title 42 Sèction 1983 by correctional officers and other officials at San Quentin State Prison. Plaintiff also alleges that Defendants disposed of his personal property and converted his personal canteen funds to Defendants own personal use. These alleged torts are of an on going nature. Due to the sexual battery, Plaintiff is now housed in the mental house wing of the San Quentin Hospital suffering with Post-Traumatic Stress Disorder (PTSD).

JURISDICTION

This action arises under the Constitution of the United States, Fourteenth Amendment, Due Process and Equal Protection Clauses, the Americans with Disabilities Act, and other applicable State of California and Federal statutes, Laws and regulations including Title 42 Section 1983 of the United States Code, and the U.S. Prison Elimination of Rape Act. Plaintiff also asserts jurisdiction under the Fourth and Eight Amendments.

PARTIES

Plaintiff is an inmate at San Quentin State Prison and Defendants are Correctional Officers at San Quentin State Prison. Does 1 to 50 are California Correctional Officers and California officials and State of California employees.

## INTRADISTRICT ASSIGNMENT

The Northern District, Sacramento Division of the Federal Court is the proper venue for this action as all events, complaints, filings and/or omissions which gave rise to the claims alleged herein occurred in San Quentin State Prison located in San Quentin, California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff's mother filed numerous complaints with prison officials at San Quentin State Prison and Plaintiff filed numerous 602 complaints that were not acted on by Defendants and in some cases destroyed by Defendants. (see Attachment A).

## CAUSE OF ACTION-VIOLATION OF TITLE 42 SECTION 1983 UNITED STATES CODE

1. Plaintiff's right to be free from foreseeable injury under the Fourteenth Amendment Due Process Clause and not be subject to cruel and unusual punishment under the Eighth Amendment was violated by Defendants, who owed a duty of care to Plaintiff because Plaintiff was under the care, custody and control of Defendants, when Defendants facilitated or participated in the rape and battery of Plaintiff at San Quentin State Prison resulting in the severe emotional distress Plaintiff CONTINUES to suffer from. Under color of law, Defendants conduct was arbitrary and conscience shocking in a Constitutional sense within the meaning of Colling v. City of Harker Heights, Texas, 503 U.S. 115, 128 (1992). Defendants Smith, Tierney and Robinson and Does 1 to 50 acted under color of law proximately causing the injuries to Plaintiff

alleged herein. Plaintiff alleges that on or about January of 2009, Officers Smith, Tierney and Robinson ordered a death row inmate to batter and rape Plaintiff by allowing the inmate to leave his cell, which was unlocked by Defendants, and gain access to Plaintiff's cell in the Adjustment Center where Plaintiff was battered and raped. This led to the claim of emotional distress alleged herein. In 2014, Plaintiff, suffering from severe emotional distress, and post traumatic stress disorder was relocated to the prison hospital wing where he remains.

(a) Plaintiff had an Eighth Amendment Due Process right to be protected by Defendants while under the care, custody and control of Defendants, and a Fourth Amendment right to be protected from harm by correctional officers acting under color of law;

(b) Plaintiff's right was breached by Defendants when Defendants, acting under color of law, facilitated the rape of Plaintiff and subjected Plaintiff to cruel and unusual punishment by maintaining that Plaintiff was a skin-head racist who deserved extra punishment. Plaintiff alleges the force applied to him in the incident complained of herein was applied maliciously and sadistically to cause harm, (see Dr. Macomber's report-Exhibit B);

(c) As a direct result of the breach Plaintiff has suffered the severe emotional distress as complained of herein in violation of 42 U.S. C. Section 1983. Defendants, and each of them, by facilitating the rape deprived Plaintiff of a federally protected right, the right to be free from cruel and unusual punishment.

EQUITABLE TOLLING

2. Keeping in mind California Code of Civil Procedure Sec. 352.1, it is Plaintiff's position that Plaintiff meets the three criteria for equitable tolling.

(a) Defendants received timely notice of the claim. Defendant's mother wrote numerous letters to San Quentin Prison officials requesting assistance for Plaintiff after the rape occurred. Defendants were on notice of the claim, but did nothing to assist Plaintiff. (see Exhibit C).

(b) Defendants cannot state they would be prejudiced by being required to defend the otherwise barred claim since they knew of the rape and chose to do nothing.

(c) Plaintiff's conduct was reasonable and in good faith in that Plaintiff's mother attempted to bring the rape to the attention of authorities but was ignored.

(c) Even if Defendants could assert the protection of Sec. 352.1, the intense emotional distress did not begin until 2014 when Plaintiff was hospitalized and severely medicated. (see Exhibit B).

CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

3. Plaintiff currently suffers from severe and CONTINUING emotional distress as the direct result of Defendant Correctional Officers Smith, Robinson and Tierney who either facilitated or participated in the battery and rape of Defendant by allowing another inmate to leave his cell and rape and batter Plaintiff resulting in the damages complained of herein.

4. Defendants owed a duty to Plaintiff to protect him and ensure his safety and breached this duty when Defendants, and each of them,

allowed the unconsented to battery of Plaintiff directly causing Plaintiff to suffer intense physical harm directly leading to Plaintiff's physical and mental health breakdown causing Plaintiff to be housed in 2014 in the mental wing of the San Quentin Hospital and to be treated with psychotropic medications to alleviate the constant voices he hears relating to the battery and rape, and resulting in the damages complained of herein. (see Attachment B).

CAUSE OF ACTION-BREACH OF CONTRACT/CONVERSION

5. San Quentin Prison Officials and staff and Defendant Warden Davis established an inmate trust fund account for Plaintiff when Plaintiff was first housed in San Quentin. Funds were placed into the account by Plaintiff's mother. Defendant alleges that Prison officials have removed said funds without Plaintiff's consent and converted these funds to their own personal use. Plaintiff's mother has requested numerous accountings of Plaintiff's trust account but has been rebuffed as have Plaintiff's 602s requests that have been refused or destroyed. In addition, Plaintiff also had personal property such as a television and stereo taken. Plaintiff's requests for an investigation were rebuffed by Lt. Robinson.

6. . Plaintiff requests damages for the property and funds wrongfully taken from him.

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

A. General and compensatory damages against all Defendants for causing Plaintiff's extreme emotional distress. The amount of damages to be

determined by the Court and/or jury.

B. Exemplary damages, and damages for battery and breach of contract. Defendants actions as alleged herein constitute oppression and malice as defined in CA Civil Code Section 3294 and should be punished according to proof.

C. Such other orders and further relief, including an award of costs and attorney fees as the Court deems just and proper.

JURY DEMAND

Plaintiff requests a trial by jury.

Date: 9-20-15 Respectfully Submitted,

John E. Stringer, Attorney for Plaintiff