1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JUSTIN MERRIMAN,

11              Plaintiff,                        No. C 15-01715 WHA

12      v.

13   OFFICER FNU TIERNEY, OFFICER FNU            **ORDER DENYING MOTION**
     SMITH, OFFICER FNU ROBINSON, et al.,        **TO AMEND COMPLAINT**
14                                               **AND SETTING DEADLINE**
15              Defendants.                      **FOR SERVICE**

16   _____ /

17                            **INTRODUCTION**

18         Plaintiff, an inmate at San Quentin State Prison, seeks leave to add a new party.  For the

19   reasons set forth below, the motion is **DENIED**.

20                             **STATEMENT**

21         Plaintiff Justin Merriman is serving a death sentence in San Quentin State Prison for

22   a conviction of rape and murder.  He brings this civil suit in *forma pauperis*, though he has

23   retained counsel.  Plaintiff alleges that in January 2009, prison officials intentionally left the

24   cells unlocked and allowed another inmate to leave his cell, gain access to plaintiff's cell, and

25   rape and beat him.  He commenced this lawsuit against defendants, San Quentin State Prison

26   Correctional Officers FNU Tierney, FNU Smith, and FNU Robinson and unnamed State of

27   California employees for allegedly facilitating the incident (Third Amd. Compl. ¶¶ 2–4).*

28

_____

       *  Neither party has provided the defendants' first names despite the Court's request for that
information.

*(left margin, vertical text)* **United States District Court**  For the Northern District of California

**United States District Court**
For the Northern District of California

1  Plaintiff's counsel have not yet served Officers Smith and Robinson because he has yet to obtain

2  their first names.  Plaintiff also alleges that prison officials removed funds from his inmate trust

3  account without his consent and converted those funds for their own use.  He further claims that

4  defendants have rebuffed attempts to resolve these issues through administrative processes

5  and have destroyed his prior complaints (*id.* at ¶¶ 6–7).

6  **PROCEDURAL HISTORY**

7  Plaintiff's first complaint, filed on April 15, 2015, asserted the following claims:  (1) a

8  violation of his civil rights under Section 1983; (2) intentional infliction of emotional distress;

9  (3) breach of contract; and (4) conversion.  The case was initially assigned to Magistrate Judge

10  Maria-Elena James, who issued a report and recommendation dismissing plaintiff's initial

11  complaint on the grounds that the statute of limitations had run, he had failed to plead facts

12  sufficient to demonstrate that he was entitled to equitable tolling, and he had failed to state

13  claims for relief (Dkt. Nos. 6, 12).  The Court adopted the proposed order and the prior

14  complaint was dismissed with leave to amend.

15  Then plaintiff filed a first amended complaint three days before the first case

16  management conference — at which neither defendant nor plaintiff's counsel appeared.

17  Because plaintiff is a prisoner bringing a civil suit in *forma pauperis*, the complaint was

18  subject to a mandatory *sua sponte* review subject to dismissal if the complaint was frivolous,

19  malicious, failed to state a claim, or sought monetary relief from a defendant who is immune

20  from such relief.  28 U.S.C. 1915(e)(2).  Pursuant to that, the mandatory screening dismissed

21  plaintiff's first amended complaint.  The initial complaint named defendants Governor Jerry

22  Brown and Warden Ron Davis.  The order terminated these defendants from the case because the

23  Eleventh Amendment barred claims against Governor Brown and plaintiff failed to address

24  Warden Davis's role in the alleged incident.  The order also dismissed without prejudice the state

25  law claims but granted leave to amend as to plaintiff's claims against Officers Smith, Tierney,

26  and any Doe defendants.

27  A second amended complaint arrived.  Again, the complaint was subject to a mandatory

28  *sua sponte* review pursuant to 28 U.S.C. 1915(e)(2).  The order of service pre-screened the

2

1   allegations in the second amended complaint and deemed the amended complaint sufficient to

2   require a response from defendants.  The second amended complaint named Officer Robinson

3   as a defendant for the first time and again brought claims of Section 1983 violations, intentional

4   infliction of emotional distress, breach of contract, and conversion against all of the officers.

5       After various continuances, a case management conference was scheduled for February

6   18, 2016.  Prior to this case management conference, Officer Tierney retained private counsel as

7   substitute for his then-representation from the California Attorney General's office.  The case

8   management scheduling order referred the case to Magistrate Judge Nandor Vadas for

9   settlement.  A settlement conference was scheduled for March 8, 2016 — at which plaintiff's

10  counsel did not appear.

11      On May 10, 2016, before the deadline set by the case management order, plaintiff sought

12  leave to add the State of California as a new defendant.  After being ordered to respond by

13  June 1, 2016, Officer Tierney's counsel filed an opposition brief with no explanation for his

14  failure to respond within the deadline set by the case management order.  The State subsequently

15  sought leave, now granted, to file an amicus curiae brief in opposition to plaintiff's motion for

16  leave to amend the complaint.  This order now decides plaintiff's motion for leave to amend the

17  complaint to add the State as a defendant.

18                                    **ANALYSIS**

19      Plaintiff asserts that he has a right to amend pursuant to FRCP 15 and FRCP 18.  As an

20  initial matter, FRCP 18 deals with joinder of claims while the instant motion only seeks to

21  amend the complaint to add a new party.  FRCP 16, which governs later motions for leave to

22  amend, also does not apply because plaintiff moved for leave to amend within the deadline set by

23  the case management order.  Thus, for the instant motion only FRCP 15 is the relevant governing

24  standard for granting leave to amend.

25      **1.    THE FRCP 15 STANDARD.**

26      FRCP 15(a)(1) provides that a party may amend a pleading once as a matter of course at

27  any time before a responsive pleading is served.  Once a party has been served with a responsive

28  pleading, the "party may amend its pleading only with the opposing party's written consent or

United States District Court

For the Northern District of California

1   the court's leave." FRCP 15(a)(2). A district court should freely give leave when justice so

2   requires. Our court of appeals has directed district courts to apply the rule favoring amendments

3   to pleadings with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

4   Cir. 1987).

5       The burden is on the party opposing the FRCP 15 motion to convince the court that

6   justice requires denial. *Id.* at 187. "Courts may decline to grant leave to amend only if there is

7   strong evidence of undue delay, bad faith or dilatory motive on the party of the movant, repeated

8   failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

9   party by virtue of allowance of the amendment, or futility of amendment, etc." *Sonoma Cty.*

10  *Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citations and

11  quotations omitted).

12      Perhaps with misgivings, the Court will accept that plaintiff's initial attempt to bring suit

13  against Governor Brown was just a clumsy way to sue the State. Defendant opposing this

14  motion has made no effort to show that plaintiff acted in bad faith, with dilatory motive, repeated

15  failure to cure deficiencies, or undue prejudice. Instead defendant argues: (1) that the Eleventh

16  Amendment bars the Section 1983 claims against the State; (2) that the statute of limitations

17  bars the tort claims against the State; and (3) that plaintiff failed to follow local rules. Plaintiff

18  submits in his reply that adding the State as a defendant is necessary "in order to engage in

19  discovery, especially in order to gain the proper names and personnel records of the Defendant

20  correctional officers."

21      **2.    THE SECTION 1983 CLAIM.**

22       District courts must resolve an Eleventh Amendment Immunity claim before reaching

23  the merits. *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir.

24  2012). If a proposed amendment is futile, "there is no need to prolong the litigation by

25  permitting the further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th

26  Cir. 2002).

27      The prior orders dismissing plaintiff's first complaint and plaintiff's first amended

28  complaint found that the Governor Brown could not be held liable under Section 1983 because

United States District Court

For the Northern District of California

1    the Eleventh Amendment bars such suits against money damages in federal court.  *Aholelei v.*

2    *Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  So too here.

3         Moreover, the last order conducting a mandatory pre-screening deemed plaintiff's

4    Section 1983 claims against Officer Tierney sufficient to require a response under the theory

5    that defendants were acting under the color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

6    This theory does not extend to the State because the State is not a person under Section 1983.

7    *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 58 (1989).

8         Finally, in his reply to the State's amicus curiae brief, plaintiff argues that Title II of the

9    ADA abrogates state sovereign immunity.  *United States v. Georgia*, 545 U.S. 151, 159 (2006).

10   Plaintiff's proposed complaint contains no set of facts to support an ADA claim.  In fact, the

11   only mention of the ADA is a single line stating that the "action arises under . . . the Americans

12   with Disability Act."  The deadline for pleading amendments has passed and the proposed

13   complaint does not abrogate sovereign immunity.

14        Thus granting leave to amend to add the State as a defendant under the Section 1983

15   claim would be futile.  "A district court does not err in denying leave to amend where the

16   amendment would be futile."  *Thinknet Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d

17   1053, 1061 (9th Cir. 2004).  Accordingly, as to the Section 1983 claims against the State, leave

18   to amend is **DENIED**.

19        **3.**        **THE STATE LAW CLAIMS.**

20        Pursuant to Section 945.5 and 945.6 of the California Government Code, a plaintiff must

21   commence a suit against a public entity no more than six months after a public entity rejects the

22   complaint or if plaintiff does not receive a rejection, plaintiff has two years from accrual to file

23   the claim.  In his proposed third amended complaint, however, plaintiff alleges he is entitled to

24   equitable tolling, tolled at the beginning of his intense emotional distress in 2014.  Defendant

25   does not challenge the validity of the applicability of equitable tolling here.  This order,

26   therefore, does not make any determinations on the issue of equitable tolling.  Such a

27   determination is more appropriate at a later procedural stage.

28

**United States District Court**
For the Northern District of California

1   The State's amicus curiae brief argues that the State is likewise immune from state law

2   claims over which a district court exercises supplemental jurisdiction.  California Government

3   Code Section 844.6 provides that public entities are immune to suits for injuries to prisoners,

4   subject to certain exceptions.  In Section 844.6, injury means death, injury to a person, damage

5   to or loss of property.  *See* Cal. Gov't Code § 810.8.  Public entities are not immune to contract

6   liability, pursuant to Section 814.  Though plaintiff alleges a breach of contract, the claim for

7   relief is predicated on the tort of conversion.  "Whether an action is based on contract or tort

8   depends upon the nature of the right sued upon, not the form of the pleading or relief demanded."

9   *Roe v. California*, 94 Cal. App. 4th 64, 69 (2001).  Plaintiff's claim specifically alleges that

10   San Quentin State Prison set up an inmate trust fund account and that officers removed and

11   then converted the funds for their own personal use without plaintiff's consent.  Liability for

12   this claim is based on tort liability rather than contractual liability.  State sovereign immunity,

13   therefore, extends to each of plaintiff's state law claims against the State.

14   Accordingly, as to plaintiff's state law claims against the State, leave to amend is

15   **DENIED**.

16   **4.   CIVIL LOCAL RULE 10-1.**

17   Northern District of California Civil Local Rule 10-1 provides that "[a]ny party filing

18   or moving to file an amended pleading must reproduce the entire proposed pleading and may

19   not incorporate any part of a prior pleading by reference."  It is within a court's discretion to

20   deny a motion as the result of a failure to comply with local rules.  *See Tri-Valley CAREs v.*

21   *United States Dept. Of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012).

22   In the initial filing of this motion plaintiff did not supply a proposed amended complaint

23   as required by Civil Local Rule 10-1.  Failure to do so was not fatal, for plaintiff corrected this

24   mistake by attaching a proposed amended complaint in his reply.  This will do.

25   **5.   FINAL DEADLINE TO EFFECT SERVICE.**

26   The ninety day deadline to serve Officers Smith and Robinson has passed.  FRCP 4(m)

27   grants a district court the discretion to grant an extension of time to serve the complaint after that

28   period.  Given that plaintiff has yet to obtain the first names of Officers Smith and Robinson,

1  which is necessary to effect service, and the statute of limitations would otherwise bar re-filing

2  of this suit, the final deadline to serve is **JULY 25, 2016**. *See Mann v. American Airlines*, 324

3  F.3d 1088, 1090 (9th Cir. 2003).  If plaintiff does not effect service by this time, the Court must

4  dismiss the claims against Officers Smith and Robinson.

**CONCLUSION**

6  For the foregoing reasons, plaintiff's motion to amend the complaint is **DENIED**.

7  Plaintiff's claims for relief against Officer Tierney remain.  Plaintiff's claims for relief against

8  Officers Smith and Robinson remain on the condition that plaintiff effects service by **JULY 25,**

9  **2016**.

11  **IT IS SO ORDERED.**

13  Dated:  June 24, 2016.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California

7