IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN MERRIMAN,** | Case No. C 15-01715 WHA (PR) |
| Plaintiff, | [PROPOSED] ORDER GRANTING JOINT MOTION TO FIND PLAINTIFF INCOMPETENT & RECOMMENDING B. EPSTEIN FOR APPOINTMENT AS PLAINTIFF'S GUARDIAN AD LITEM |
| v. | |
| **OFFICER TIERNEY, OFFICER ROBINSON, DOES 1 to 50,** | |
| Defendants. | |

Defendant S. Robinson and Plaintiff Justin Merriman jointly move for this Court to find Plaintiff incompetent under Federal Rule of Civil Procedure 17 and to appoint attorney Bette Epstein as Plaintiff's Guardian Ad Litem. Defendant Tierney does not oppose the motion. For the reasons identified below, the motion is granted.

### DISCUSSION

Rule 17 concerns a party's competence to participate in civil proceedings. *See* Fed. R. Civ. P. 17. The purpose of the rule is to protect an incompetent person's interests in prosecuting or defending a lawsuit. *See Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (citing *Gardner v. Parson*, 874 F.2d 131, 140 (3d Cir. 1989)). A party's capacity to sue is determined by the law of

1

[Proposed] Order Granting Joint Mot. Find Pl. Incompetent & Recommending B. Epstein for Appointment as Pl.'s Guardian ad Litem (C 15-01715 WHA (PR))

his domicile. *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1050 (E.D. Cal. 2015) (citing Fed. R. Civ. P. 17(b)(1)) ("*AT&T Mobility*"). The test for incompetence to sue under California law is "whether the party has the capacity to understand the nature or consequences of the proceeding, and is able to assist counsel in preparation of the case." *Lee v. Retail Store Employee Bldg. Corp.*, 2016 WL 4191654, at *3 (N.D. Cal. Aug. 9, 2016) (quoting *In re Jessica G.*, 113 Cal.Rptr.2d 714, 718 (Ct. App. 2001)); *accord AT&T Mobility*, 143 F.Supp.3d 1050 (quoting *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012)). The Court may consider a broad range of evidence concerning "whether the person in question is able to meaningfully take part in the proceedings." *AT&T Mobility*, 143 F.Supp.3d at 1050 (quoting *In re Christina B.*, 19 Cal.App.4th 1441, 1450 (1993)). This evidence includes government reports, medical records, the representations of counsel, medical diagnoses, and the Court's own observations. *See id.* (collecting cases).

If a court determines that a party is incompetent to prosecute a law suit under applicable state law, and if that party is not represented by an appointed representative, Rule 17 empowers the court to appoint a representative to protect an incompetent person's interests in the litigation. *See Davis*, 745 F.3d at 1310 (citing *Gardner*, 874 F.2d at 140 (3d Cir. 1989)). Once appointed, a guardian possesses "authority to engage counsel, file suit, and to prosecute, control and direct the litigation." *AT&T Mobility*, 143 F.Supp.3d at 1052 (quoting *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974) (per curiam)) (internal quotations and citations omitted).

Here, the Court has reviewed a copy of the report prepared by Dr. Anna Glezer outlining Plaintiff's mental-health, diagnosing him as a paranoid schizophrenic.[1] The report explains that Plaintiff's decisions are heavily influenced by his delusion and hallucinations, and that Plaintiff cannot differentiate between fact and fiction. Dr. Glezer's report also expresses doubt that Plaintiff's mental health will substantially improve with additional treatment.

On the basis of this report, the diagnosis contained therein, and the representations of counsel, the Court finds Plaintiff incompetent to meaningfully take part in these proceedings.

---

[1] Dr. Glezer's diagnosis confirms an earlier diagnosis of Plaintiff's condition by officials at San Quentin State Prison.

2

[Proposed] Order Granting Joint Mot. Find Pl. Incompetent & Recommending B. Epstein for Appointment as Pl.'s Guardian ad Litem (C 15-01715 WHA (PR))

1  Accordingly, Plaintiff lacks capacity to maintain this suit without a representative under Rule 17.
2  *See AT&T Mobility*, 143 F.Supp.3d at 1050.
3      The parties have jointly recommended Ms. Epstein for appointment as Plaintiff's Guardian
4  Ad Litem.  Ms. Epstein's impressive qualifications, including previous guardianship experience,
5  leave the Court with no doubt that she will provide Plaintiff with excellent representation.  On
6  that basis, this Court appoints Bette Epstein to serve as Plaintiff's Guardian Ad Litem for the
7  remainder of these proceedings or until this Court enters a contrary order.
8      IT IS SO ORDERED

Dated: December 8, 2016.

The Honorable William Alsup

3

[Proposed] Order Granting Joint Mot. Find Pl. Incompetent & Recommending B. Epstein for Appointment as Pl.'s Guardian ad Litem (C 15-01715 WHA (PR))